MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

MAYRA JOANA MACAS and MARIA
JEREZ, *individually and on behalf of others
similarly situated,*

                              *Plaintiffs*,

        -against-

K.Y. YOUNG, INC. (D/B/A DOLCE SPA
NYC), CYNTHIA LEE, KYUNG SOON YI,
and JOHN DOE LEE (A.K.A MR. LEE),

                              *Defendants.*
--------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiffs Mayra Joana Macas and Maria Jerez, individually and on behalf of others
similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &
Associates, P.C., upon their knowledge and belief, and as against K.Y. Young, Inc. (d/b/a Dolce
Spa NYC), ("Defendant Corporation"), Cynthia Lee,  Kyung Soon Yi,  and  John Doe Lee (a.k.a
Mr. Lee), ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

        1.        Plaintiffs are former employees of Defendants K.Y. Young, Inc. (d/b/a Dolce Spa
NYC), Cynthia Lee, Kyung Soon Yi, and John Doe Lee (a.k.a Mr. Lee).

        2.        Defendants own, operate, or control a nail and spa business, located at 1595 3rd Ave,
New York, New York 10128.

        3.        Upon information and belief, individual Defendants Cynthia Lee, Kyung Soon Yi,
and John Doe Lee (a.k.a Mr. Lee), serve or served as owners, managers, principals, or agents of

Defendant Corporation and, through this corporate entity, operate or operated the spa as a joint or unified enterprise.

4.      Plaintiffs were employed as a manicurist, masseuses, and a nail technician at the spa.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      In addition, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      At all relevant times, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

10.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

11.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a nail and spa business located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

17.     Plaintiff Mayra Joana Macas ("Plaintiff Macas" or "Ms. Macas") is an adult individual residing in Queens County, New York.

18.     Plaintiff Macas was employed by Defendants at Dolce Spa NYC from approximately 2011 until on or about August or September 2016 then again from September 2018 to March 2020.

19.     Plaintiff Maria Jerez ("Plaintiff Jerez" or "Ms. Jerez") is an adult individual residing in Queens County, New York.

20.     Plaintiff Jerez was employed by Defendants at Dolce Spa NYC from approximately September 2019 until on or about March 2020.

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled a nail and spa business, located at 1595 3rd Ave, New York, New York 10128.

22.     Upon information and belief, K.Y. Young, Inc. (d/b/a Dolce Spa NYC) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1595 3rd Ave, New York, NY 10128.

23.     Defendant Cynthia Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Cynthia Lee is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation.

24.     Defendant Cynthia Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Kyung Soon Yi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kyung Soon Yi is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation.

26.     Defendant Kyung Soon Yi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant John Doe Lee (a.k.a Mr. Lee) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe Lee (a.k.a Mr. Lee) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

28.     Defendant John Doe Lee (a.k.a Mr. Lee) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

29.     Defendants operate a nail and spa business located in the Upper East Side of Manhattan in New York City.

30.     Individual Defendants, Cynthia Lee, Kyung Soon Yi, and John Doe Lee (a.k.a Mr. Lee), possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Cynthia Lee, Kyung Soon Yi, and John Doe Lee (a.k.a Mr. Lee) operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the spa on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who ostensibly were employed as a manicurist, masseuses, and a nail technician.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mayra Joana Macas*

41.     Plaintiff Macas was employed by Defendants from approximately 2011 until on or about August or September 2016 then again from September 2018 to March 2020.

42.     Defendants ostensibly employed Plaintiff Macas as a manicurist, waxer, and masseuse.

43.     Plaintiff Macas regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

44.     Plaintiff Macas's work duties required neither discretion nor independent judgment.

45.     From approximately April 2015 until on or about August or September 2016, Plaintiff Macas worked from approximately 9:30 a.m. until on or about 8:30 p.m., 5 days a week (typically 55 hours per week).

46.     From approximately September 2018 until on or about March 2020, Plaintiff Macas worked approximately 4 days a week 7 to 8 hours per day (typically 28 to 32 hours per week).

47.     Throughout her employment, Defendants paid Plaintiff Macas her wages in a combination of check and cash.

48.     From approximately April 2015 until on or about August or September 2016, Defendants paid Plaintiff Macas $60.00 per day.

49.     From approximately September 2018 until on or about December 2018, Defendants paid Plaintiff Macas $10.50 per hour.

50.     From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Macas $250 to $280 per week.

51.     Plaintiff Macas's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

52.     For example, Defendants required Plaintiff Macas to work an additional 20 to 30 minutes past her scheduled departure time 3 days a week, and did not pay her for the additional time she worked.

53.     Although Defendants allegedly granted Plaintiff Macas one hour for meal periods, she was only able to take a 15 to 20 minute break.

54.     Plaintiff Macas was never notified by Defendants that her tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Macas's wages.

56.     Defendants withheld a portion of Plaintiff Macas's tips; specifically, Defendants kept between $2.00 to $3.00 per client, for example if a client tipped Plaintiff Macas $10.00, she would only be allowed to keep $8.00.

57.     On a number of occasions, Defendants required Plaintiff Macas to sign a document, the contents of which she was not allowed to review in detail.

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Macas regarding overtime and wages under the FLSA and NYLL.

59.     Defendants did not provide Plaintiff Macas an accurate statement of wages, as required by NYLL 195(3).

60.     Defendants did not give any notice to Plaintiff Macas, in English and in Spanish (Plaintiff Macas's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Macas to purchase "tools of the trade" with her own funds—including waxing materials, manicure and pedicure tools.

*Plaintiff Maria Jerez*

62.     Plaintiff Jerez was employed by Defendants from approximately September 2019 until on or about March 2020.

63.     Defendants ostensibly employed Plaintiff Jerez as a nail technician and masseuse.

64.     Plaintiff Jerez regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

65.     Plaintiff Jerez's work duties required neither discretion nor independent judgment.

66.     From approximately September 2019 until on or about March 2020, Plaintiff Jerez worked approximately more than 10 hours per day two days a week and 10 or less hours one day a week (typically 32 hours per week).

67.     Throughout her employment, Defendants paid Plaintiff Jerez her wages in a combination of check and cash.

68.     From approximately September 2019 until on or about March 2020, Defendants paid Plaintiff Jerez $11.00 per hour.

69.     Although Defendants allegedly granted Plaintiff Jerez one hour for meal periods, she was only able to take a 15 to 20 minute break.

70.     Plaintiff Jerez was never notified by Defendants that her tips were being included as an offset for wages.

71.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Jerez's wages.

72.     Defendants withheld a portion of Plaintiff Jerez's tips; specifically, Plaintiff Jerez estimates that Defendants withheld 25% of her credit card tips.

73.     On a number of occasions, Defendants required Plaintiff Jerez to sign a document, the contents of which she was not allowed to review in detail.

74.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jerez regarding overtime and wages under the FLSA and NYLL.

75.     Defendants did not provide Plaintiff Jerez an accurate statement of wages, as required by NYLL 195(3).

76.     Defendants did not give any notice to Plaintiff Jerez, in English and in Spanish (Plaintiff Jerez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

77.     Defendants required Plaintiff Jerez to purchase "tools of the trade" with her own funds—including nail technician tools.

*Defendants' General Employment Practices*

78.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

79.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

80.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

81.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

82.     These Plaintiffs and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

83.     In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

84.      Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

85.      Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

86.      Defendants failed to maintain a record of tips earned by Plaintiffs who worked as a manicurist, masseuses, and a nail technician for the tips they received.

87.      As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a manicurist, masseuses, and a nail technician of a portion of the tips earned during the course of employment.

88.      Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

89.      Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit or pay them the full hourly minimum wage.

90.      Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

91.      On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

92.      Defendants paid Plaintiffs their wages in a combination of check and cash.

93.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

94.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

95.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

96.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

97.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

98.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

99.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

100.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

101.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

104.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

107.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

115.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

116.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

118.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

121.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

122.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

124.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

128.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

131.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

132.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

134.     Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

135.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

137.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

138.     Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

139.     Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

140.     Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

141.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

142.     Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

143.     Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

April 14, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 21, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Mayra Joana Macas

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                **Mayra Macas**

Date / Fecha:                     21 de enero de 2021

Signature: _Mayra Macas_
Mayra Macas (Jan 21, 2021 13:05 EST)

Email: mayramacas25@gmail.com

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 26, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Maria Jerez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    26 de Marzo del 2021

*Certified as a minority-owned business in the State of New York*