```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MAYRA JOANA MACAS, et al.,                                        :
                                                                  :
                                Plaintiffs,                       :
                                                                  :           21-cv-3244 (LJL)
        -v-                                                       :
                                                                  :              ORDER
K.Y. YOUNG, INC. et al.,                                          :
                                                                  :
                                Defendants.                       :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/08/2022

LEWIS J. LIMAN, United States District Judge:

The Court will hold a telephonic status conference on **April 29, 2022 at 12:00p.m.** The parties are directed to dial (888) 251-2909 and use the access code 2123101.

In the event that the parties reach a settlement in principle prior to the status conference, the conference will be converted to a settlement approval hearing; the case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and under current Second Circuit law, any settlement—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, in the event that the conference is converted to a settlement approval hearing, it is hereby ORDERED that, on or before **April 26, 2022**, the parties must submit to the Court a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The letter should also address, if applicable, any attorney's fee award (with documentation to support

the award, if appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600.  It is not sufficient to state the proportion of the requested attorney's fee to the overall settlement amount.  Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee).  Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

Finally, in the event that the conference is converted to a settlement approval hearing, Plaintiff shall appear at the hearing and, if necessary, with an interpreter.

SO ORDERED.

Dated: April 8, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge