## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of this ___ day of April ___ 2022, by and between Mayra Joana Macas ("Plaintiff") on the one hand, and K.Y. Young, Inc. ("Dolce Spa NYC") and its affiliates, members, subsidiaries, insurers, attorneys, current and former employees, officers, managers, including Cynthia Lee, Kyung Soon Yi, councils, boards, trustees, directors, pension plans, employee benefit plans, health plans, severance plans, agents, representatives, and successors and assigns ("Defendants"), on the other hand (collectively, the "Parties").

**WHEREAS**, Plaintiff is a former employee of Dolce Spa NYC; and

**WHEREAS**, Plaintiff has instituted this action against Dolce Spa NYC, Cynthia Lee, and Kyung Soon Yi in the United States District Court for the Southern District of New York, captioned Mayra Joana Macas v. K.Y. Young, Inc. et al., Civil Action No. 21-cv-03244 (the "Action"), in which Plaintiff claims, among other things, that she was not paid all wages due to her during her employment with Dolce Spa NYC; and

**WHEREAS**, Defendants have filed an Answer in the Action denying all claims raised against them jointly and individually; and

**WHEREAS**, the Parties desire to fully and finally resolve and settle all claims brought in the Action, as well as any related claims Plaintiff has or may have against Defendants up to the date of this Agreement is signed; and,

**WHEREAS**, the terms of this Agreement are the product of mutual negotiation and compromise between the Parties; and

**WHEREAS**, the meaning, effect and terms of this Agreement have been fully explained to Plaintiff who has had the advice of counsel of her own choosing and who understands this Agreement; and

**NOW, THEREFORE**, Plaintiff and Defendants, for the full and sufficient consideration set forth below, and for other good and valuable consideration and the mutual promises and covenants contained herein, the receipt and sufficiency of which the Parties acknowledge, the Parties do hereby agree as follows:

1. **Consideration.** Within thirty (30) days after the return of a copy of this Agreement signed by Plaintiff, and an executed Stipulation of Dismissal with Prejudice in the form attached hereto as **Exhibit A,** Defendants agrees to pay the total lump sum of Eight Thousand Dollars (**$8,000**)(the "Settlement Payment") as follows:

   a. Defendants will deliver to Plaintiff's Attorney a check made payable to "Mayra Joana Macas" in the gross amount of Five Thousand Three Hundred Sixty Dollars and Zero Cents (**$5,360.00**);

    b.   Defendants will deliver to Plaintiff's Attorney a check made payable to "CSM Legal, P.C." in the amount of Two Thousand Six Hundred Forty Dollars and Zero Cents **$2,640.00** for attorneys' fees and costs.

    **2.**    **Tax Consequences.**  Defendants make no representations regarding the federal, state or local tax consequences of the Settlement Payment and shall not be responsible for any tax liability, interest or penalty incurred by Plaintiff, which in any way arises out of or is related to the Settlement Payment. In the event the Internal Revenue Service, or any other state or local taxing entity, or any court or other tribunal of competent jurisdiction, determines that all or part of the Settlement Payment is remuneration for which any taxes are due and owing by Plaintiff, Plaintiff shall be solely responsible for the payment of such taxes. Plaintiff agrees not to make a claim against Defendants for the payment of any such taxes, or for any related interest or penalties. Plaintiff also agrees to indemnify and hold Defendants harmless for any amounts paid, including, but not limited to, interest and penalties, in connection with any taxes that she may owe based on the Settlement Payment.

    **3.**    **Acknowledgement of Hours and Payment.**  Plaintiff acknowledges and agrees that she has received sufficient consideration as set forth in this Agreement. Plaintiff further acknowledges that upon Defendants payment of the Settlement Payment, that has been paid in full for all time worked, she is not entitled to any additional compensation or benefits from Defendants including, but not limited to, any wages, overtime, vacation pay, sick pay, accrued benefits, or bonus, and that no representations or promises to the contrary have been made to her or to anyone acting on her behalf. Plaintiff further acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable.

    **4.**    **Release of Claims.**

(a)    Except as provided in Paragraph 6, in exchange for the promises contained in this Agreement and to the extent permitted by law, Plaintiff hereby waives, releases and forever discharges, and agrees that Plaintiff will not in any manner institute, prosecute or pursue, any and all complaints, claims, lawsuits, claims for relief, demands, suits, arbitrations, actions or causes of action, whether in law or in equity, known or unknown, which Plaintiff asserts or could assert, at common law or under any statute, rule, regulation, order or law, whether federal, state, or local, including without limitation, claims under the Fair Labor Standards Act (29 U.S.C. §201 et. seq.), the New York State Labor Law (N.Y. Lab. Law §190 *et seq.*), all federal, state or city laws concerning payment of wages, unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees, costs and statutory penalties), or retaliation which arose prior to the date Plaintiff signs this Agreement (collectively "Claims") against Dolce Spa NYC Inc/, and/or any of its current or former owners, officials, directors, officers, shareholders, affiliates, agents, employee benefit plans, plan administrators, representatives, servants, employees, former employees, insurers, attorneys, subsidiaries, parents, divisions, branches,

units, successors, predecessors, and assigns, including Cynthia Lee and Kyung Soon Yi (collectively, the "Defendant Releasees").

(b)     Defendants knowingly and voluntarily reciprocally release any and all claims that it may have or may have brought against the Plaintiff, her heirs, agents, or successors (collectively, the "Plaintiff Releasees") which arose or existed, whether known or unknown, prior to the execution of this Agreement.

(c)     The mutual releases given herein shall become fully effective and binding upon full execution of this Agreement, and upon the Court's approval of this settlement and endorsement of the Stipulation of Dismissal. The mutual releases shall not extend to those claims and rights which as a matter of law cannot be lawfully waived.

     **5.**     **Covenant Not to Sue.**  Plaintiff covenants and promises that she will not hereafter file or cause to be filed on her behalf any charge, claims, legal or administrative action of any nature before any court or administrative agency to assert any claim against the Defendant Releasees arising on or before the date of this Agreement pertaining in any way to her compensation with Dolce Spa NYC, except as may be necessary to enforce this Agreement or as otherwise provided in Paragraph 6. Further, Plaintiff specifically agrees that, by this Agreement, she waives any right to recover any relief or recovery from such proceedings, including but not limited to costs and attorney's fees.

     **6.**     **Claims Not Waived.**  Notwithstanding the preceding provision or any other provision of the Agreement, this Agreement is not intended to interfere with Plaintiff's right to file a charge with or cooperate in an investigation by an administrative agency, including but not limited to, the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board, ("NLRB") or any state or local fair employment practices agency or other government enforcement agency, in connection with any claim Plaintiff may have against any of the Defendant Releasees. However, by executing this Agreement, Plaintiff hereby waives the right to recover, and agrees not to seek any damages, remedies or other relief for herself personally in any proceeding Plaintiff may bring before such agency or in any proceeding brought by such agency on Plaintiff's behalf with respect to unpaid wages, compensation, or benefits unless otherwise permitted by law. Plaintiff represents that she has not filed such a charge to date and is aware of no investigation.

This Agreement is also not intended to apply to claims under ERISA Section 502(a)(1)(B) for accrued benefits (other than claims for severance and severance-related benefits) under any qualified benefit plan of Dolce Spa NYC or any of the Defendant Releasees pursuant to the terms of any such plan. Further, Plaintiff understands that Plaintiff is not releasing any rights under this Agreement that cannot be lawfully waived. This Agreement also does not release any rights or claims that may arise after the date on which Plaintiff signs this Agreement. In addition, while this Agreement requires Plaintiff to waive any and all claims against Dolce Spa NYC arising under workers' compensation laws, it is not intended to prohibit Plaintiff from filing in good faith for and from receiving any workers' compensation benefits from Dolce Spa NYC' workers'

compensation carrier for compensable injuries incurred during Plaintiff's employment. Plaintiff represents that to date she has not filed a claim for Worker's Compensation benefits and is not presently aware of any basis for the filing of such a claim.

Finally, this Agreement is not intended to interfere with the right of either party to institute an action to enforce any provision of this Agreement. The prevailing party in an action to enforce the terms of this agreement shall be entitled to reasonable attorneys' fees and costs.

7. **Other Existing Claims.** In the event that apart from the Action, any claim, charge, complaint or action of any type by Plaintiff against the Defendant Releasees exists in any forum or form with respect to any matters covered by this Agreement, Plaintiff agrees that she shall not be entitled to recover any relief or recovery therefrom, including but not limited to costs and attorneys' fees, and that the Defendant Releasees may be entitled to restitution, set-off or recoupment of all of the payments made pursuant to this Agreement. Plaintiff represents that to date she is not aware of any such claim, charge or complaint.

8. **Effect of Violation.** Except to the extent such agreement is prohibited by applicable law or regulation or as described in Paragraph 6, in the event that Plaintiff brings a lawsuit for any claims released by this Agreement, Plaintiff shall be required to pay all reasonable costs and attorneys' fees incurred by Defendant Releasees in defending any such action, including, but not limited to, all reasonable costs and attorneys' fees incurred by Defendant Releasees in pursuing and recovering any award of damages or attorneys' fees and costs entered in favor of Defendant Releasees in such an action.

9. **Indemnification.** Plaintiff agrees to hold harmless and to indemnify the Defendant Releasees from any claims that may be asserted by third parties, including but not limited to Plaintiff's attorneys, against the Defendants Releasees arising out of Plaintiff's claims relating in any way to her compensation from Dolce Spa NYC. Plaintiff further agrees to satisfy any liens, claims, or encumbrances asserted by any third party based on such facts and circumstances and will hold the Defendant Releasees harmless and indemnify them from any claims or rights asserted against them by any third party asserting such lien, claim, or encumbrance. This paragraph shall not apply to any claims by any government or administrative agency, including but not limited to, the EEOC or state or local fair employment practices agencies. This paragraph shall not apply to any claims, which a Court finds resulting from the illegal acts of Defendants.

10. **No Admission of Liability.** Plaintiff specifically understands and agrees that by entering into this Agreement, Defendants do not admit any liability whatsoever to her or to any other person arising out of the allegations heretofore or hereafter asserted by her, and Defendants expressly deny any and all such liability.

14. **Governing Law and Interpretation.** This Agreement shall be governed by and construed under the laws of the State of New York without regard to principles of conflicts of laws.

15. **Choice of Forum.** Any action relating to the enforcement or interpretation of this Agreement shall be commenced in the United States District Court for the Southern District of New York.

16. **Severability.** Should any provision of this Agreement be declared illegal or unenforceable by a court of competent jurisdiction, which cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

17. **Attorneys' Fees and Costs.** Plaintiff and Defendants agree that each party is responsible for their own attorneys' fees and costs incurred in connection with the preparation, negotiation and/or execution of this Agreement.

18. **Voluntary and Knowing Execution.** Plaintiff affirms and acknowledges that she has read the foregoing Agreement, that she has been advised to discuss it with the counsel of her choice, and that she fully understands and appreciates the meaning of each of its terms, and that it is a voluntary, full and final compromise, release and settlement, to the fullest extent permitted by law, of all claims, demands, injuries, damages, actions or causes of action, known or unknown, suspected or unsuspected, with respect to Plaintiff's employment relationship with Dolce Spa NYC, and/or any other claim, matter, or event occurring prior to their execution of this Agreement, including those she has or may have pursuant to the federal, state and local laws. Plaintiff further affirms that other than as specifically provided herein, or as required by law, she is not entitled to any other payment(s), compensation or benefit relating to or as a result of her employment relationship with Dolce Spa NYC.

19. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

20. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement.

21. **Waiver.** A waiver by either party of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver or estoppel of any subsequent breach by the party. No waiver shall be valid unless in writing and signed by Plaintiff and an authorized officer of Dolce Spa NYC.

22. **Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

23. **Paragraph Headings.** The paragraph headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

24. **Counterparts and Facsimile Copies.** The Parties may execute this Agreement on separate counterparts, all of which taken together shall constitute the Agreement. Facsimile or scanned copies of this Agreement shall be deemed the same as originals.

25. **Joint Drafting.** Each of the Parties participated in drafting this Agreement after consulting with counsel. Therefore, the language of this Agreement shall not be presumptively construed in favor for or against either party.

26. **Authority of Signatories.** The individuals signing this Agreement and the parties on whose behalf such individuals are signing hereby represent and warrant that they are empowered and authorized to sign on behalf of and bind the parties for whom they have signed.

27. **Default.** Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraph 1 of this Agreement. Plaintiff or their authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, Such default may be cured by Defendants making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiffs' notice of default.

28. **Notices.** All notices, demands and other communications which may be or are required to be given hereunder or with respect hereto shall be in writing and shall be given personally or by email or by registered or certified mail, return receipt requested, postage pre-paid or by recognized national overnight courier, addressed to the party who is to receive same as follows, or to such address as any party shall notify the other parties by notice given in accordance with this provision.

If to Defendants:
Joseph Zelmanovitz
Stahl & Zelmanovitz
747 Third Avenue
New York, NY 10017
jzelmanovitz@szlawllp.com

If to Plaintiff:

Clela Errington, Esq.
CSM Legal, P.C.
60 East 42nd Street, Suite 4510
New York, N.Y. 10165
clela@csm-legal.com

** Remainder of page intentionally left blank **

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed on the date indicated below their respective signatures.

*[Signature: Mayra M]*
_____
Mayra Joana Macas

*[Signature]*
_____
~~Cynthia Lee~~   CYNTHIA PARK. SUED HEREIN AS "CYNTHIA LEE".

*[Signature]*
_____
Kyung Soon Yi

By *[Signature]*
K.Y. Young, Inc. By YOUNG BO YI. SUED HEREIN AS "JOHN DOE LEE".
Title: President

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYRA JOANA MACAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>K.Y. YOUNG, INC. (D/B/A DOLCE SPA NYC), CYNTHIA LEE, KYUNG SOON YI, and JOHN DOE LEE (A.K.A MR. LEE)<br><br>　　　　Defendants. | Civil Action No.:　　1:21-cv-03244-LJL<br><br><br><br>STIPULATION OF DISMISSAL WITH PREJUDICE |

**THIS MATTER** having been commenced by Plaintiff Mayra Joana Macas ("Macas"), and Maria Jerez, and the court having dismissed the claims of Plaintiff Jerez by order dated _____, and the matters in difference having been amicably resolved by and between Macas and Defendants K.Y. Young, Inc., Cynthia Lee, and Kyung Soon Yi ("Defendants"), it is hereby stipulated and agreed by the parties that the within matter be and is hereby dismissed with prejudice by Plaintiff as to Defendants and without costs to any party.

| | |
|---|---|
| CSM Legal, P.C.<br>*Attorneys for Plaintiff-Macas*<br><br>By: _____<br>　　Clela Errington, Esq.<br>Date:<br>　4/25/22 | Stahl & Zelmanovitz<br>*Attorneys for Defendants*<br><br>By: _____<br>　　Joseph Zelmanovitz Esq..<br>Date: 4/26/22 |