```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/20/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MAYRA JOANA MACAS,                                                :
                                                                  :
                        Plaintiff,                                :
                                                                  :      21-cv-3244 (LJL)
        -v-                                                       :
                                                                  :      ORDER
K.Y. YOUNG, INC. et al.,                                          :
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      A hearing on the settlement was held on May 6, 2022 and memorialized by transcript. At the hearing, the Court approved the settlement as fair and reasonable, with the exception of the indemnification provision, and approved Plaintiff's counsel's request for attorneys' fees and costs. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012); *see also Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *Beckert v. Ronirubinov*, 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

      With respect to the indemnification provision, the proposed settlement contains an indemnification provision pursuant to which the Plaintiff agrees to hold harmless and indemnify the defendant against any claims that may be asserted by third parties arising out of plaintiff's claims relating in any way to her compensation from Dolce Spa NYC. The agreement also contains a release of, among other things, claims relating to her compensation from Dolce Spa NYC. Thus, the two provisions operate in tandem. The plaintiff releases direct claims against Dolce Spa NYC and agrees to indemnify defendant from claims by third parties arising out of

her claims against Dolce Spa NYC.  Since the release is fair, and since the indemnification provision is narrowly tailored to the allegations in the complaint that are being settled, the Court concludes that it is fair and reasonable.  See *Gomes v. Coppola's of New York, Inc.*, 2019 WL 6211495, at *1 (S.D.N.Y. Nov. 21, 2019).  The settlement in its entirety is approved as fair and reasonable.

Accordingly, it is hereby ORDERED that this action is DISMISSED without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action is made within thirty (30) days of this Order.  Any application to reopen filed after thirty (30) days from the date of this Order may be denied solely on that basis.  Any pending motions are DISMISSED as moot, and all conferences and deadlines are CANCELLED.

SO ORDERED.

Dated: May 20, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge